UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TABBATHA JOHNSON | CIVIL ACTION |
| VERSUS | NO. 17-121-JJB-RLB |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, NEW ORLEANS FIELD OFFICE | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 24, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TABBATHA JOHNSON                                             CIVIL ACTION

VERSUS                                                       NO. 17-121-JJB-RLB

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
NEW ORLEANS FIELD OFFICE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Complaint (R. Doc. 1), filed against the U.S. Equal Employment Opportunity Commission (EEOC) on March 2, 2017. Plaintiff, Tabbatha Johnson (Plaintiff) is proceeding pro se and has been granted in forma pauperis (IFP) status.

**I.    BACKGROUND**

Plaintiff filed two charges of employment discrimination with the EEOC against the East Baton Rouge Parish School System and the East Baton Rouge Federation of Teachers in January of 2016. (R. Doc. 1 at 4). In both charges of discrimination, Plaintiff was informed that these were matters "over which the [EEOC] has no jurisdiction." (R. Doc. 1 at 4). Because Plaintiff failed to state a claim under any laws enforced by the EEOC, her charges were closed.

Despite this, the EEOC still "mailed charges of discrimination to [Plaintiff] for signature" in order to protect "her right to pursue her complaints in court." (R. Doc. 1 at 4). In a letter, the EEOC acknowledges that Plaintiff was late in returning signed copies of those charges. However, it makes clear that "the decision to close the charges had no bearing on the late receipt of the signed charges" and was instead based on the substance of Plaintiff's allegations. (R. Doc. 1 at 4). In dismissing

each charge of discrimination, the EEOC simultaneously sent Plaintiff a Notice of Right to Sue letter — the first was dated March 29, 2016 and the second was dated April 13, 2016. (R. Doc. 1 at 4).

On March 2, 2017, Plaintiff filed this suit against the EEOC. (R. Doc. 1). In her Complaint, Plaintiff claims that the EEOC "refused to investigate charges the plaintiff filed" because it incorrectly thought that Plaintiff "sought to bring charges as a WHISTLEBLOWER" and "did not return signed charges within the allotted time frame." (R. Doc. 1 at 1). As relief, Plaintiff "asks the Court to compel the EEOC to investigate the plaintiff's charges." (R. Doc. 1 at 1).

## II. LEGAL STANDARD

District courts must construe the IFP complaints of pro se plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the Court determines the case:

(i) is frivolous or malicious;

(ii) fails to state a claim; or

(iii) seeks monetary relief against an immune defendant.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact," *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994), while the determination of whether a complaint fails to state a claim is made by applying the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003) (dismissal of IFP complaint for failure to state a claim employs Rule 12(b)(6) standard).

Section 1915(e)(2)(B) "accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), "such as if the complaint alleges the violation of a legal interest which clearly does not exist," *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A legally deficient IFP complaint that fails to state a

claim on which relief can be granted may be dismissed on the court's own initiative at any time. *See* 28 U.S.C. § 1915(e)(2)(B).

**III. DISCUSSION**

Here, Plaintiff's cause of action may be dismissed under section 1915(e)(2)(B), as either legally frivolous or failing to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Simply put, Plaintiff's claim — that the EEOC erred in "refus[ing] to investigate" her charges of discrimination or otherwise mishandled those charges — is, on its face, nonexistent.

"The case law is clear and overwhelmingly in support of the view that [a] plaintiff has no claim under any legal theory against the EEOC in connection with the agency's investigation, disposition, enforcement or administration of Title VII or other antidiscrimination laws." *Simien v. E.E.O.C.*, 2009 WL 799982, at *2 (E.D. La. March 24, 2009); *see also Newsome v. Equal Employment Opportunity Comm'n*, 301 F.3d 227, 231-32 (5th Cir. 2002) (district court properly dismissed complaint; plaintiff failed to state a claim against the EEOC for its alleged failure to properly investigate charge of discrimination). Courts outside of this circuit have reached the same conclusion. *See Andela v. Administrative Office of U.S. Courts*, 569 F. App'x 80, 83-84 (3d Cir. 2014) (plaintiff's due process and FTCA claims against the EEOC for its alleged mishandling of her discrimination charge were properly dismissed by district court as there is no legal theory providing a cause of action against EEOC for allegedly negligent investigations); *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge"); *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir. 1984) ("It is settled law . . . that Title VII [or any other law enforced by the EEOC] does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of

a charge."); *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984) ("[T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency.").

## IV. RECOMMENDATION

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), because it is both legally frivolous and fails to state a claim.

Signed in Baton Rouge, Louisiana, on May 24, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**